### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

TIMOTHY HAGER, et al.

          Plaintiffs,

v.                                 CIVIL ACTION NO.  2:10-cv-01138

COWIN AND COMPANY INC., MINING
ENGINEERS AND CONTRACTORS, et al.

          Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion to Dismiss Defendant Frank Watson [Docket 4] and Plaintiffs' Motion to Remand [Docket 7].  For the reasons stated below, Defendants' motion is **GRANTED** and Plaintiffs' Motion is **DENIED**.

### *I. BACKGROUND*

This case was originally filed in the Circuit Court of Logan County, West Virginia, on or about August 24, 2010, by Plaintiffs Timothy and Thisha Hager (collectively "Plaintiffs").  Plaintiffs seek damages from Defendant Frank Watson ("Defendant Watson") and Defendant Cowin & Company, Inc., ("Defendant Cowin") for a personal injury suffered by Timothy Hager and for Thisha Hager's resulting loss of consortium.

At the time of the incident giving rise to this action, Defendant Cowin employed Plaintiff Timothy Hager as a "rock miner."  Defendant Watson was employed by Cowin as Timothy Hager's supervisor.  On September 5, 2008, during the course of his employment, Timothy Hager was operating a piece of mining equipment known as a "mucker" in Logan County, West Virginia, when

it malfunctioned and caused him injury. Plaintiffs subsequently filed suit, asserting a cause of action against both Defendants for a "deliberate intent" workplace injury pursuant to W. Va. Code § 23-4-2(d)(2)(ii) as well as a derivative claim by Plaintiff Thisha Hager for loss of spousal consortium.

On September 23, 2010, Defendants filed a Notice of Removal, seeking to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. According to the Notice of Removal, Plaintiffs and Defendant Watson are residents of West Virginia, while Defendant Cowin is an Alabama corporation with its principal place of business in Alabama. Defendants contend that Watson is a fraudulently joined party who should be dismissed from this action and excluded from the Court's jurisdictional analysis. Plaintiffs disagree, arguing that Watson is properly joined as a defendant.

On September 30, 2010, Defendants filed the pending Motion to Dismiss Defendant Frank Watson. (Docket 4.) Plaintiffs responded in opposition and timely filed the pending Motion to Remand on October 15, 2010. (Docket 7.) On October 21, 2010, Defendants replied in support of their motion to dismiss and responded in opposition of Plaintiffs' motion to remand. (Docket 9.) Plaintiffs did not file a reply. The motions are now ripe for the Court's consideration.

## II. DISCUSSION

The threshold question before the Court is whether it has federal subject matter jurisdiction in this case. United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district

2

and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id.*

The asserted basis of the Court's jurisdiction over this removed action is that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1332(a). The amount in controversy requirement is not at issue, but the parties disagree as to whether complete diversity exists. The complete diversity requirement is satisfied "when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Plaintiffs and Defendant Watson are citizens of West Virginia, which suggests that complete diversity does not exist. However, if Defendant Watson is a fraudulently joined party, then his citizenship is irrelevant to the jurisdictional analysis. *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999).

      *A.     Fraudulent Joinder Standard*

Fraudulent joinder requires neither fraud nor joinder. Rather, it is "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc*., 903 F.2d 1000, 1003 (4th Cir. 1990); *cf*. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (adopting term "improper joinder" as more accurate than "fraudulent joinder"). To show that a nondiverse defendant has been fraudulently joined, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to

3

establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original)). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 423. In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464. Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233; *see also Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

In deciding whether fraudulent joiner has been committed, the court need not limit its jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered as a whole in determining whether there is a basis for joinder. *Mayes*, 198 F.3d at 464; *see also AIDS Counseling & Testing Ctr. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citing *Dodd v Fawcett Publ'ns., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). West Virginia law guides the Court in determining whether there is any possibility that Plaintiff would be able to establish a right to relief against Defendant Watson in state court. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *see also Hartley*, 187 F.3d at 425.

    *B.*  *Fraudulent Joinder of Defendant Frank Watson*

Plaintiffs' sole cause of action against Defendant Watson is for a deliberate intent workplace injury pursuant to W. Va. Code § 23-4-2(d)(2)(ii). Indisputably, Defendant Watson was Plaintiff Timothy Hager's supervisor, not his employer. The parties disagree, as a matter of statutory

interpretation, whether a deliberate intention claim pursuant to § 23-4-2(d)(2)(ii) can be brought against a co-employee such as Defendant Watson.

This Court has previously resolved this precise issue in *Evans v. CDX Servs., LLC*, 528 F. Supp.2d 599 (S.D. W. Va. 2007). There, the Court held that, under West Virginia law, "co-employees are not subject to suit under § 23-4-2(d)(2)(ii) because the subsection only provides for actions against employers." *Id*. at 605. Plaintiffs acknowledge that the posture of *Evans* is essentially identical to the instant case, but request that *Evans* be revisited because of a "split of authority in the Southern District on this issue." (Docket 8 at 5.) In support of their position, Plaintiffs offer the Court several cases as representative of the most "up to date information" they could muster, (*id.*), a list which includes exactly one post-*Evans* decision that originates from the Circuit Court of Kanawha County.

Notably, the only post-*Evans* decision from the Southern District to address the issue at bar has expressly adopted this Court's reasoning. *See King v. Sears Roebuck & Co.*, No. 1:10-1024, 2011 WL 672065, at *4 (S.D. W. Va. February 14, 2011) (Faber, J.) ("Having considered the well-reasoned arguments in *Evans*, this court concludes that the text of § 23-4-2(d)(2)(ii) *does not permit* a suit by an injured employee against an individual supervisor." (emphasis in original)). As there is no contrary direction from the controlling authorities in West Virginia or even from the other courts in this district, the Court declines Plaintiffs' invitation to revisit its decision in *Evans* at this time.

Accordingly, for the reasons stated in *Evans*, the Court holds that Plaintiffs would not be able to bring suit against a co-employee such as Defendant Watson pursuant to W. Va. Code § 23-4-2(d)(2)(ii) in West Virginia state court. *See Evans*, 528 F. Supp.2d at 605. Accordingly, as there is

5

"*no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court,'" *Hartley*, 187 F.3d at 424 (quoting *Marshall*, 6 F.3d 229 at 232 (emphasis in original)), Defendant Watson is fraudulently joined and must be **DISMISSED** as a defendant. As all properly joined parties are completely diverse, the Court may exercise its subject matter jurisdiction over this case.

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss Defendant Frank Watson [Docket 4] is **GRANTED**, and Plaintiffs' Motion to Remand [Docket 7] is **DENIED.**

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    June 3, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE